**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**KURON LAVELL BROWN** **PLAINTIFF**

**V.** **NO. 4:24-cv-00671-KGB-ERE**

**STEPHEN YOUNG** **DEFENDANT**

# RECOMMENDED DISPOSITION

## I. Procedure for Filing Objections

This Recommended Disposition ("RD") has been sent to United States Chief District Judge Kristine G. Baker. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections must be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## II. Background

*Pro se* plaintiff Kuron Lavell Brown, an inmate at the W.C. Brassell Adult Detention Center ("Detention Center"), filed this 42 U.S.C. § 1983 case. *Doc. 2*. Mr. Brown is currently proceeding on an individual capacity failure to protect claim against Defendant Stephen Young for his alleged failure to protect Mr. Brown from an inmate attack on August 17, 2023.[1]

---

[1] The Court previously dismissed Mr. Brown's claims against Sheriff Lafayette Woods, Jr. and Lieutenant Smith, as well as his official capacity claims, for failure to state a plausible

Defendant Young has filed a motion for summary judgment, brief in support, statement of facts, and amended exhibits arguing that Mr. Brown failed to exhaust his administrative remedies as to his pending claim against Defendant Young before filing this lawsuit. *Docs. 21, 22, 22, 25, 26.* Mr. Brown has not responded to Defendant Young's motion, and the time to do so has passed. *Doc. 24*. The motion is now ripe for review.

For the reasons stated below, I recommend the Court grant Defendant Young's motion.

## III. <u>Discussion</u>

### A. The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at

constitutional claim for relief. *Doc. 27*. The Court also dismissed Mr. Brown's claims against Deputy Brown for failure to serve. *Doc. 28*.

the time of filing, dismissal is mandatory"). Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

**B. The Detention Center's Grievance Procedure**

At all times relevant to this action, the Detention Center provided an administrative grievance process. *Doc. 21-1 at 4-7*. Under the Detention Center's grievance procedure, a grievance is defined as "[a]ny written notice of a complaint, request, or problem signed by a detainee and delivered to a jailer." *Id. at 4*. The grievance procedure does not require any "specific form," rather a detainee can use "[a]ny paper." *Id*. However, in the grievance, a detainee "must clearly describe all facts and all requests." *Id*. An inmate should give the grievance to "any staff member for delivery to the jail administrator or his/her designee without reading, alteration, or undue delay." *Id. at 5*. The grievance should be investigated and "if valid, resolved within a reasonable time." *Id*. "Whether with or without merit, the grievant is informed of the disposition of the grievance, in writing, within ten working days of the day the grievance is received." *Id*. After a detainee receives the grievance response, "[t]he grievant may appeal any response or lack of response to the sheriff, who shall respond in writing." *Id*.

**C. Mr. Brown's Grievance History**

In support of his motion, Defendant Young submits the affidavit of non-party Jail Administrator Jimmy Hudson, who notes that Mr. Brown submitted "some grievances relevant to this case," but did not appeal any of those grievance decisions. *Doc. 25 at 1-2*. Administrator Hudson does not specify which of Mr. Brown's grievances are relevant to this case but states that a true copy of Mr. Brown's complete grievance record is attached to his affidavit. *Id. at 3-52*.

Defendant Young argues that review of Mr. Brown's grievance record shows that he has not filed a single grievance related to his claim in this case. He notes that the only grievance Mr. Brown submitted arguably complaining of a failure to protect him from other detainees was submitted on August 21, 2024, nearly a year after the August 17, 2023 incident giving rise to this lawsuit. That grievance states: "[I]f [I']m not a fed get me out of this pod with these fed inmates because if the[y] jump on me it will b[e] a problem." [2] *Doc. 21-1 at 22*.

In his complaint, Mr. Brown alleges that on August 17, 2023, Defendant Young "popped open the A pod door so a group of inmates could come out and jump

---

[2] Proceeding on the assumption that Mr. Brown's August 21, 2024 grievance "could be seen as related to this case[,]" Defendant Young points out that Mr. Brown "never filed an appeal for this grievance, as the Jefferson County Grievance Procedure allows him to do." *Doc. 22 at 3*. However, as stated in this Recommendation, the August 21, 2024 grievance has nothing in common with the allegations supporting Mr. Brown's claim against Defendant Young. In addition, the Detention Center's Detention Center's grievance procedure does not require an inmate to appeal a grievance decision.

on me while I was in the multipurpose area." *Doc. 2 at 4*. Mr. Brown's claim against Mr. Young has *nothing* in common with the grievance he submitted on August 21, 2024. In addition, I have reviewed Mr. Brown's undisputed grievance record and agree that Mr. Brown did not file a single grievance related to the allegations giving rise to his pending claims.

As a result, there is no genuine issue of material fact on the threshold question of whether Mr. Brown fully exhausted his pending claims against Defendant Young by filing a grievance pursuant to the Detention Center's grievance process *before* bringing this lawsuit. As a result, Defendant Young is entitled to judgment as a matter of law.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Young's motion for summary judgment (*Doc. 21*) be GRANTED.

2. Mr. Brown's claims be dismissed, without prejudice, for failure to exhaust administrative remedies.

3. The Clerk of the Court be instructed to close this case.

DATED 2 July 2026.

UNITED STATES MAGISTRATE JUDGE